

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | LAW DEPARTMENT | **John J. Doody** |
| *Corporation Counsel* | 100 CHURCH STREET | Phone: (212) 356-4362 |
| | NEW YORK, NY 10007 | johdoody@law.nyc.gov |

March 26, 2025

<u>VIA ECF</u>

Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

      Re: <u>Ambrister et al v Banks et al,
         Case No: 24-cv-08403-JGLC</u>

Dear Judge Clarke:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel representing Defendants David C. Banks and New York City Department of Education ("Defendants") in the above-referenced action. I write jointly with Plaintiff's counsel to provide the Court with the Parties' positions regarding the initial pre-trial conference ("IPTC") scheduled for Wednesday, April 2, 2025 at 12:00 p.m. As further explained below, the Parties respectfully request that the IPTC be adjourned *sine die*.

    As this matter is an appeal of an administrative decision centered on whether R.D.'s unilateral placement at iBrain during the 2020-2021 and 2021-2022 school years was appropriate, the Parties agree that an IPTC and/or mediation would be unnecessary. The Parties believe this matter can be resolved through motions for summary judgment based upon the certified administrative record. Both parties have received a copy of the certified record.

    This matter is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs allege that the State Review Officer ("SRO") erred in SRO Decision No. 24-215 issued on July 3, 2024, and respectfully request de novo review of that Decision by this Court. The SRO partially reversed and partially upheld the Impartial Hearing Officer's ("IHO") Findings of Facts and Decision ("FOFD") in IHO Case No. 193417, dated April 24, 2024, relative to the period from May 10, 2021 and September 13, 2021. The SRO reversed

that portion of the FOFD which found that Defendants had failed to offer Student R.D. a free and appropriate public education ("FAPE") for the period from June 11, 2021 to September 13, 2021 and ordered funding for Parents' unilateral placement/program for that period. The SRO upheld that portion of the FOFD which found that Defendants had provided R.D. with a FAPE for the period from May 10, 2021 to June 10, 2021. Plaintiffs allege that the SRO's determination in SRO Decision No. 24-215 is erroneous because it relies on an incorrect application of the IDEA, relevant case law, New York State Education Law, and erroneous findings.

Defendants contend that the SRO Decision was correct, well-reasoned, properly applied and is supported by the provisions of the IDEA, N.Y.S law and controlling case law and should be affirmed.

Jurisdiction and venue lie in this Court as this case arises under a federal statute, the IDEA (20 U.S.C. § 1400, et seq.), and the United States Department of Education regulations promulgated under authority granted by statute 34 C.F.R. Part 300. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 in that Plaintiffs' claims arise under federal law (IDEA), 28 U.S.C. § 1343(a), laws providing for civil rights protection, and under 42 U.S.C. § 1983. As much as this case involves questions arising under New York State Education Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367. This Court has jurisdiction over costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i). Venue is properly placed in the Southern District of New York under 28 U.S.C. § 1391(b) as the Defendants DAVID C. BANKS , in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE"), both maintain a business office in New York County.

There are no existing deadlines, due dates or cut-off dates.

There are no outstanding motions at present.

No discovery has taken place, and the parties do not anticipate that any discovery will be necessary for parties to engage in meaningful settlement negotiations. However, we reserve the right to seek limited discovery should it become necessary based on issues raised during the course of litigation.

There have been no prior settlement discussions.

In light of the foregoing, the Parties propose the following briefing schedule for the Parties' respective motions for summary judgment.

 April 30, 2025: Plaintiff to file their motion for summary judgment;

June 4, 2025: Defendants to file their cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment;

July 2, 2025: Plaintiff to file their opposition to Defendants' cross-motion and reply.

July 30, 2025: Defendants to file their reply in further support of their cross motion, if any.

Please also find attached hereto the Parties' Joint Civil Case Management Plan and Scheduling Order. Kindly note that the Parties *do not* consent to conduct all further proceedings before the Magistrate and the Parties agree that no formal discovery is required beyond filing the certified administrative record.

Moreover, it is also respectfully submitted that because the inquiry here is not whether there are disputed issues of fact, the Rule 56.1 statements should be waived. While in IDEA actions, "the parties and the court typically style the decision as a ruling on a motion for summary judgment, [] 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. Of Educ. v. C.S.*, 990 F.3d 156,165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Because the Parties' motions will be based solely on the administrative record, the Parties jointly and respectfully request that the Court waive the submission of 56.1 statements.

Thank you for your consideration in this matter.

Very truly yours,

*John Doody*

John J. Doody
Assistant Corporation Counsel

cc: Plaintiff Counsel (via ECF)

Application GRANTED. The Court adopts the deadlines as set forth above. The requirement that the parties submit Rule 56.1 statements is HEREBY WAIVED. IT IS HEREBY ORDERED that the conference in this matter, previously scheduled for April 2, 2025 at 12:00 p.m., is CANCELED.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: March 27, 2025
       New York, New York

3