

July 2, 2025

**MEMO ENDORSED**

**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Ambrister et al. v. Banks et al.,*, *24-cv-08403*

Dear Judge Clarke:

    I represent plaintiffs in the above-referenced matter. I write pursuant to Your Honor's Individual Practice A(5)(e) to respectfully submit a request to file the certified administrative record in this action (the "Record") under seal. Per your Individual Practice, I will contemporaneously filed the Record under seal in a separate docketing event.

    Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns., Inc.,* 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). One such competing interest weighing against disclosure is "'the privacy interests of those resisting disclosure.'" *Lugosch,* 435 F.3d at 120 (quoting *U.S. v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987)("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."). "'Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *In re New York Times Co.,* 828 F.2d at 116). Courts frequently permit filings under seal in IDEA actions in order to protect the privacy interests of minor plaintiffs, including in maintaining the confidentiality of their medical and other sensitive information. *See, e.g., J.L. on behalf of J.P v. New York City Dep't of Educ.,* No. 17 Civ. 7150, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024).

    In this action, the Record contains confidential and personally identifiable details regarding R.D., a minor, including particularly sensitive information regarding her health and her education. The disclosure of such information is shielded by 20 U.S.C. § 1415(a), which aims to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by [state and local] agencies." Children with disabilities and their parents have a right to the "confidentiality of any personal

identifiable data, information, and records." as stated in 20 U.S.C. §§ 1415(h)(4), 1417(c). Thus, protecting the disclosure of this highly sensitive information is a compelling interest that weighs in favor of sealing the Record.

Sealing the record is also narrowly tailored to satisfy that interest. Although redaction is theoretically an alternative, redaction would be overly burdensome as the Record is over 2000 pages and is replete with confidential information. Further, the information that would need to be redacted is the private information of R.D., including information regarding her health status, her disabilities, and the health and educational services she requires to be provided a free and appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. 1440 *et. seq* ("IDEA"). This information is essential for a full understanding and assessment of the merits of this action. For example, an evaluation of the merits of this action will require Your Honor to review the individualized education plan ("IEP") that defendants created for plaintiff R.D. to ascertain whether the IEP accounted for R.D.'s educational and health needs and provided R.D. with free and appropriate public education. Redacting out those health and educational needs would render the IEP unintelligible and useless to the evaluation of this action.

Because sealing the Record is the only way for this Court to both protect the compelling privacy interests of plaintiffs and for the Record to be useful in determining the merits of this action, plaintiffs should be permitted to submit the Record as a sealed filing.

Thank you in advance for your attention to this matter.

Respectfully submitted,

*/s/ Kenneth Willard*_____
Kenneth Willard, Esq.
105 East 34th Street #190
New York, NY 10016
(646)850-5035
ken@pabilaw.org

Cc: All Counsel of Record via ECF.

APPLICATION GRANTED. The Court concludes that Plaintiffs have met their burden to demonstrate that the interests in filing the administrative record under seal outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Access is restricted to attorneys appearing for the parties and court personnel. The Clerk of Court is respectfully directed to terminate ECF No. 22.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: July 7, 2025
New York, New York